## BOYD and SUYDAM *against* HITCHCOCK.

Where a
debtor gives
his note, in-
dorsed by a
third person,
as *further se-
curity,* for a
part of the
debt, which is
accepted by
the creditor, in
full satisfac-
tion of all de-
mands, it is a
valid discharge
of the whole
debt, and it
may be plead-
ed in bar, as an
*accord and sa-
tisfaction.*

THIS was an action of *assumpsit,* for five thousand dol-
lars. The declaration contained counts for goods, wares,
and merchandises, sold and delivered, for *five thousand dol-
lars ;* and a *quantum valebant* thereon ; the usual money
counts for the like sum ; and an *insimul computassent,* &c.
The defendant pleaded, 1. *Non assumpsit ;* 2. Payment; 3.
" That after making the said promises and undertakings, in
the said declaration mentioned, and before the commence-
ment of the suit, to wit, on the 7th of *August,* 1818, at the
city of *New-York,* he, the defendant, caused to be delivered
to the plaintiffs, his three several promissory notes, made
payable to *David W. Childs,* for 916 dollars and 67 cents,
each, dated *May* 18, 1818, and by him indorsed to the plain-
tiffs ; one of the said notes payable in twelve months, one in
eighteen months, and the other in twenty-four months, in
full satisfaction and discharge of the said several promises
and undertakings, in the said declaration mentioned, and of
the damages sustained by the plaintiffs, by reason of the non-
performance of the said promises and undertakings ; and
which said notes they, the plaintiffs, then and there, accept-
ed and received, of and from the defendant, in full satisfac-
tion and discharge of the said promises and undertakings,
&c. 4. That the defendant delivered to the plaintiffs, three
several promissory notes, made and indorsed as described in
the third plea, in full satisfaction and discharge of all pro-
mises and undertakings, made by the defendant to the plain-
tiffs, up to the said 18th of *May,* 1818, without this, that
the defendant had assumed or promised to pay the plaintiffs

any sum or sums of money, since the said 18th of *May*, 1818, in manner and form, &c.; wherefore he prayed judgment," &c.

There was a *demurrer* to the third and fourth pleas, and joinder in demurrer. The *fourth* plea was, afterwards, abandoned by the defendant's counsel as indefensible.

*Henry,* in support of the demurrer. He cited 5 *Co.* 117. *Co. Litt.* 212. *b.* 5 *East,* 230. 1 *Str.* 426. 2 *Term Rep.* 24. 2 *Johns. Rep.* 448. 17 *Johns. Rep.* 169. 2 *Chitty's Pl.* 435, 436. note *m.* 15 *Johns. Rep.* 247.; and contended, that a simple note of a debtor cannot be deemed a satisfaction of a debt, unless expressly averred to be paid. A less sum may be a satisfaction of damages, but not of a debt *in numero;* nor can it be pleaded in bar of an action for a debt. Again, it does not appear that the note, in this case, was a negotiable note.

*Lynch,* contra, cited 5 *Term Rep.* 513. 517. 1 *Johns. Rep.* 37. 2 *Johns. Cas.* 432. 3 *Johns. Cas.* 71. 5 *Johns. Rep.* 68. 6 *Cranch,* 253. 261. 1 *Johns. Rep.* 34. 8 *Johns. Rep.* 15. 10 *Johns. Rep.* 105. 1 *Salk.* 133. 3 *Johns. Rep.* 439. 15 *Johns. Rep.* 241. 12 *Johns. Rep.* 90. 4 *Mod.* 88. He contended, that by the English authorities, a *negotiable* note, given for a simple contract debt due, was a discharge of such debt. And this Court have recognised the rule, but have added a qualification, that the party must deliver up and cancel the note, if he means to proceed on the original contract. The acceptance of the note is deemed, at least, *primâ facie* evidence of a satisfaction; and where it is expressly so agreed, it is payment; and it makes no difference whether it is the note of the defendant, or of a third person. From the description of the notes in the plea, as having been *indorsed* by the payee, it is necessarily to be inferred that they were negotiable. But if they are not to be deemed negotiable, yet, as *Childs,* the indorser, would be liable to the indorsee, for the amount, they must be regarded as a satisfaction of the original debt.

The defendant was not bound, in his plea, to aver payment of the notes. Whether they have been negotiated and

NEW-YORK,
May, 1822.

BOYD
v.
HITCHCOCK.

paid, must be known to the plaintiffs. Again, it being aver-red that the notes were given and accepted in full satisfaction and discharge, it will be intended that they were for the full amount of the plaintiffs' demand. But if the amount of the notes were less than the original demand, the additional security by the indorsement of *Childs*, is a sufficient consideration for the discharge of the balance ; and it would be a fraud on *Childs*, if the plaintiffs were permitted to recover the balance of the defendants. (2 *Camp. N. P. Rep.* 126. 384. 11 *East*, 390.)

PLATT, J. delivered the opinion of the Court.

The question is, whether the third plea sets out such an *accord and satisfaction* as will bar the action ?

The general rule is well settled, that the payment of a less sum of money than the whole debt, *without a release*, is no satisfaction of the plaintiff's claim. (*Cumber* v. *Warn*, 1 *Stra.* 426. *Harrison* v. *Wilcox* and *Close*, 2 *Johns. Rep.* 449. *Fitch* v. *Sutton*, 5 *East*, 232. *Seymour* v. *Minturn*, 17 *Johns. Rep.* 169.) And a mere agreement to accept less than the real debt, would be *nudum pactum*. (*Heathcote* v. *Crookshanks*, 2 *Term Rep.* 24.) But, in my judgment, this case is distinguishable from the cases cited. Here was a *beneficial interest* acquired, and a *valuable consideration* received by the plaintiffs, when they agreed to accept *less* than their whole demand. The plea avers that three promissory notes, drawn by the defendant, payable to *David W. Childs*, and by him indorsed, were delivered to the plaintiffs, and by them accepted and received from the defendant, in full satisfaction and discharge of the promises stated in the declaration. It would be an abuse of terms to call this a mere *nudum pactum*. Here was *inconvenience* to the defendant, in procuring a surety ; and also a *benefit* to the plaintiffs. The defendant held the notes, with *Childs'* indorsement, and offered them, to secure 2,750 dollars of the debt, if the plaintiffs would relinquish the residue of their claim. It is to be inferred, that *Childs* lent his indorsement for the sole purpose of effecting this compromise. The plaintiffs accepted the notes as payment of the whole debt ; and, I think, good faith and sound principle require that

this should be deemed a valid accord and satisfaction, to bar
the plaintiff's action. It would operate as a fraud upon
Childs, the indorser, whose means of reimbursement from
the defendant would be greatly impaired, if this plea be not
sustained. If Childs had been the maker, and Hitchcock
the mere indorser, the case, as to him, (Childs,) would be
widely different; for if Childs, as a real debtor, had made
the notes, it would be immaterial to him whether he paid
them to Hitchcock or to his indorsees. But independent of
the consideration due to the surety, I am of opinion, that if
a debtor offers additional security, on condition that his cre-
ditor shall give up a portion of the debt, and the creditor
accepts such security for a less sum, as a satisfaction for the
whole debt, it is a valid discharge, on the ground of accord
and satisfaction. (Sheehy v. Mandeville, &c., 6 Cranch,
253.)

In the case of Fitch v. Sutton, (5 East, 231.) Lord El-
lenborough said, "It is impossible to contend that accept-
ance of 17 pounds, 10 shillings, is an extinguishment of a
debt of 50 pounds. There must be some consideration for
the relinquishment of the residue; something collateral, to
show a possibility of benefit to the party relinquishing his
further claim; otherwise, the agreement is nudum pactum;
but the mere promise to pay the rest when of ability, put
the plaintiff in no better condition than he was before."

In the case of Steinman v. Magnus, (11 East, 390.)
Lord Ellenborough said, "It is true, that if a creditor
simply agree to accept less from his debtor than his just
demand, that will not bind him; but if upon the faith of
such an agreement, a third person be lured in to become
surety for any part of the debt, on the ground that the
party will be thereby discharged of the remainder of his
debt, the agreement will be binding." Here, the plaintiffs
have, in fact, "lured in" Mr. Childs. They agreed to
purchase his indorsement, and the price to be paid for it
was the portion of the debt which they agreed to relinquish
to Hitchcock; and why shall they not pay the price, as well
as enjoy the benefit of that contract?

I am of opinion that the defendant is entitled to judgment
on the demurrer.

Judgment for the defendant.