## DOUGLASS *vs.* WHITE and others.

An agreement, by a creditor, to accept a part of an admitted debt in satisfaction of the whole, without any other consideration, is not sufficient to discharge the debtor from the payment of the residue. But if the debtor, in addition to the agreement to pay part of the debt, gives to the creditor any thing which in judgment of law can be considered a benefit to him, and the creditor accepts it as a satisfaction of the whole liability of the debtor, it is a good accord and satisfaction to release the debtor from further liability.

After a judgment creditor has voluntarily discharged the acceptors of a draft upon which a judgment had previously been recovered against the endorser, by taking other security from such acceptors for a part of the debt, he cannot, in equity, enforce the judgment against the endorser of such draft; and the endorser will be entitled to a perpetual injunction restraining the assignee of the judgment from collecting the same of him.

THIS was an application, by the defendants, to dissolve an injunction restraining the collection of a judgment recovered against the complainant in the name of the Bank of Ithaca.

The judgment was recovered against the complainant as the first endorser of a draft, drawn by E. Bissell upon Benson & Lefferts of New-York, payable to the order of A. W. Douglass the complainant, and accepted by the drawees. The complainant was a mere accommodation endorser, for the benefit of the drawer, upon this and another draft for a similar amount. And neither of the drafts had any legal existence until they were delivered to the defendant Hamilton White, upon an advance of money thereon, and, as the complainant alleged, upon an usurious discount. The drafts were afterwards discounted at the Bank of Ithaca, and not being paid at maturity were duly protested and notice given to the endorsers. A suit was afterwards commenced on both drafts in the name of the bank, against Benson & Lefferts as acceptors, and against the complainant as endorser. The acceptors employed attorneys who put in a plea of the general issue for all the defendants. After the cause was at issue, A. St. John, the president and financial agent of the bank, received from the acceptors of the drafts security, by endorsed notes, for one of the drafts, and discontinued the suit against them entirely. But he proceeded to trial and

took judgment against the complainant as endorser, for the amount of the other draft. And the bank subsequently assigned the judgment to the defendant Dickinson. The complainant afterwards filed his bill in this cause, alleging among other things, that the drafts were made, accepted and endorsed for the accommodation of the drawer, to enable him to obtain a loan of money thereon from the defendant Hamilton White; and that they were discounted by the latter at the rate of at least one per cent per month; that the complainant did not set up the defence of usury in the suit, because the drafts were given in 1836, previous to the repeal of the provisions of the revised statutes rendering usurious negotiable securities valid in the hands of bona fide holders thereof; and that he then supposed the bank was the bona fide holder of the said drafts; that he subsequently learned that Hamilton White had an understanding or agreement with the bank, under which he was in the habit of taking usurious securities and having them discounted and passed to his credit at the bank, and if they were not paid, of having them charged to his account, and of having the suits for the recovery of the amount of such usurious securities brought in the name of the bank, but at his risk and for his benefit; and that these drafts were received by the bank, and sued in its name, under and in pursuance of that understanding or agreement. He also charged in his bill that subsequent to the judgment, he had ascertained that the suit against the acceptors of these drafts was discontinued under an agreement, between the bank and them, with the approbation of White, providing that if the acceptors would secure the amount of one of the drafts and pay the costs, they should be discharged from the payment of the other draft, and that the suit should be discontinued; and that they secured the payment of one of the drafts and paid the costs of the suit accordingly. And the complainant therefore insisted that by the discharge of the acceptors of the remaining draft, he was entitled to a discharge from his liability upon the judgment, as the endorser of such draft.

Douglass *v.* White.

*A. Worden & N. Hill, Jun.* for the complainant.

*John A. Collier*, for the defendants.

THE CHANCELLOR. The charge in the bill, upon the subject of the agreement to discharge the acceptors, is supported by the affidavit of Benson, and by the letter of the president of the bank, with the answer to the same. The answer of White denies that there was any usury in the draft upon which the judgment was obtained; though he declines saying any thing as to the alleged usury in the draft which was paid by the acceptors. But he alleges that the discounting of the two bills by him were entirely separate and distinct transactions. This is a sufficient denial of the usury, for the purposes of this motion. It is not necessary therefore to inquire, in this stage of the suit, what interest White had in the judgment; as the guarantor of Horace White, who received the draft from him and endorsed it to the bank.

Upon the argument of this motion I had some doubts whether this bill was properly framed to entitle the complainant to relief upon the ground that the liability of the complainant was discharged by the agreement to release the acceptors. On further examination, however, I see nothing to prevent him from having relief on that ground, in case he does not succeed in showing that the draft upon which the judgment was recovered was usurious, and that the bank was not in fact a bona fide holder thereof. For though Benson & Lefferts were mere accommodation acceptors for Bissell, they were, as between the endorsers and themselves, primarily liable for the payment of both drafts. And if the endorsee paid either of the drafts to the holder thereof, he would be entitled to be subrogated to the rights of such holder, as against the acceptors. The letter of St. John. the president of the bank, contains a distinct proposition to discharge the acceptors from liability upon one of the drafts, on their giving security for the payment of the other. And the answer of Benson shows that the proposition was accepted. Benson's affidavit also shows it was subsequently carried into effect, by

Douglass v. White.

the giving of the security for the amount of the first draft, and the payment of the costs of the suit.

An agreement to accept a part of an admitted debt, in satisfaction of the whole, is not sufficient to discharge the debtor from the payment of the residue. But if the debtor, in addition to the agreement to pay part of the debt, gives to the creditor any thing which in judgment of law can be considered a benefit to him, and the creditor accepts it as a satisfaction of the whole liability of the debtor, it is a good accord and satisfaction to release the debtor from further liability. (*Forsyth on Comp.* 17.) And the former supreme court of this state decided, in the case of *Boyd* v. *Hitchcock*, (20 *John. Rep.* 76,) that where a debtor gives his note, endorsed by a third person, as further security for a part of his debt, and the same is accepted by the creditor in full satisfaction of his claim against such debtor for the whole, it is a valid discharge of the debt ; and may be pleaded in bar as an accord and satisfaction. Such seems to be the case in respect to the acceptors of the bill on which this judgment was recovered ; as appears from the affidavit of Benson and the letter of the president of the bank.

The defendant Dickinson, as the assignee of the judgment, is in no better situation than the bank was previous to the assignment. And as the bank could not in equity enforce this judgment against the endorser after it had voluntarily discharged the acceptors of the draft, by the acceptance of the endorsed notes for the other draft in discharge of their liability for both drafts, the complainant will be entitled to a perpetual injunction restraining the assignee of the judgment from enforcing the same against him.

The injunction must therefore be retained until the hearing, and the defendants who have made this application, must pay to the complainant the costs of opposing the same.