By the Court, Gilbert, J.
Good faith and fair dealing require that the settlement made by the parties in this case should be upheld, if it can be done consistently with established rules of law.
It cannot be questioned that payment of a portion of a liquidated demand, in the same manner as the debtor was legally bound to pay the whole thereof, although received in satisfaction of the debt, is payment only in part; and that the agreement to receive such part payment in satisfaction is, in effect, one to give up the residue of the demand, which being without consideration, is nudum pactum and void. A contrary rule, leaving the matter to the agreement of the parties, would have been a better one; but the law is so settled, and we are not at liberty to change it. But a debtor may offer anything as a substitute for the money due, whether of less or greater value, and if the creditor take it in satisfaction, it is a valid agreement, and the debt is discharged. He may give a chattel worth only one dollar in satisfaction of a debt of a thousand dollars. The obligation of a third person for any amount operates in the same way, to discharge the debt. These principles are familiar and well settled. (1 Smith’s Lead. Cas. 444; note to Cumber v. Wane.)
Applying them to this case, it' appears that the parties, through their agents, agreed upon a compromise, at Galveston, Texas, whereby the defendant was to pay twenty-five cents on the dollar, and three hundred dollars in addition. Two hundred and fifty dollars was to be paid in cash, and the balance payable under the agreement *219 of compromise, was to be paid half in cash, and half in a note of the defendant at twelve months. The defendant was not present when this compromise was effected, but it was accomplished by Mr. Butler, a member of a firm to whom the plaintiffs had sent their demand against the defendant for collection, and who appears to have acted for both parties in this transaction. The negotiation was had with an agent of the plaintiffs, specially appointed for the purpose. Mr. Butler gave the plaintiffs’ agent his draft on Duncan, Sherman & Co., of Hew York, for the amount of the cash payment, after deducting therefrom some commissions due his firm, and the defendant’s note for the balance was delivered, as agreed, and thereupon the plaintiffs’ agent signed a paper acknowledging the receipt of the sum named in the draft, and of the note, and stating that “the same was in full settlement of their claims against” the defendant. The compromise agreed upon, therefore, was not literally carried out, but the plaintiffs varied the agreement, by taking a negotiable draft drawn by third persons, payable in Hew York, instead of cash at Galveston. IE the agreement in terms had been that the plaintiffs should receive this draft in satisfaction of their demand against the defendant, there can be no doubt that the subsequent receipt of the draft, in pursuance of the agreement, would have discharged the debt. (Boyd v. Hitchcock, 20 John. 76, approved 33 N. Y. 653. Sibree v. Tripp, 15 M. & W. 23.) Such, we think, was the substance and legal effect of the transaction under consideration, with the exception, which does not affect the principle, that the defendant’s note was- received, in addition to the draft.
There is no basis for the presumption on which the court below seems to have acted, namely, that the giving of the draft by Mr. Butler was only a mode of applying the defendant’s money in performing the agreement of compromise. On the contrary, the presumption arising from the legal effect of the transaction is, that Mr, But *220 ler advanced to the defendant the funds belonging to his firm; and this presumption could be overcome only by evidence to the contrary.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham, Leonard and Gilbert, Justices.]
The case, briefly stated, is that the plaintiffs received a negotiable bill of exchange of third persons for a part of the defendant’s debt, and the defendant’s note for another portion, and in consideration thereof discharged the whole debt.
We are of opinion that this was a sufficient consideration to uphold the discharge; and that for the error of the court below, in holding otherwise, there must be a new trial.'
This conclusion makes it unnecessay to decide whether the transaction ought to be upheld as a valid discharge, on the ground that it formed part of the general compromise which the defendant effected with his creditors.
New trial granted, with costs to abide the event.
Leonard, J., concurred; but with some doubt.