CHARLES PARDEE, RESPONDENT, v. BYRON A. WOOD, APPELLANT.

*Accord and satisfaction — what constitutes.*

Plaintiff being the owner of two promissory notes for $2,000, made by the defendant, commenced an action thereon, and also commenced an action against the wife of the defendant. Subsequently the plaintiff received from the defendant $1,500 on the notes and twenty-five dollars for costs and gave to defendant and wife a receipt "in full of notes, agreements or claims of all kinds against these parties," it being understood that "this transaction finishes all suits or litigation against said parties and all suits are hereby discontinued," defendant agreeing to make no claim for certain machinery, then held by the plaintiff as collateral to an indebtedness from one Weed. *Held,* that this was an accord and satisfaction, and that the plaintiff could not maintain an action to recover the balance due upon the notes.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, after a verdict in favor of the plaintiff.

The action was brought to recover the amount due upon two promissory notes given by the defendant. The plaintiff had previously commenced an action against the defendant to recover the amount due upon these notes ($2,000), and had also commenced an action against the defendant's wife, Clementine M. Wood. During the pendency of these actions a settlement was effected, by which the plaintiff received $1,500 in full of all claims and demands and twenty-five dollars for the costs of the actions then commenced, and delivered the following receipt to the defendant:

"Received, Skaneateles, July 15, 1872, from Clementine M. Wood and Byron A. Wood fifteen hundred dollars, and twenty-five dollars for costs, and if the costs can be settled for a less sum than twenty-five dollars, balance to be given back, and the fifteen hundred dollars is in full of notes, agreements or claims of all kinds against these parties, and against the estate of A. Wood & Son, in bankruptcy, and it is understood no claim is to be made for any machinery in the factory unless H. Weed pays his indebtedness to me, as per agreement of same.

" It is further understood and agreed this transaction finishes all suits or litigation against said parties of C. M. Wood, B. A. Wood and A. Wood & Son's estate, and all suits are hereby discontinued.

"C. PARDEE."

This action was subsequently brought to recover the balance unpaid upon the notes.

*D. Pratt*, for the appellant. In order to avoid the effect of the settlement as an accord and satisfaction, it was incumbent upon the plaintiff to show that the payment of the $1,500 was made by defendant upon a liquidated and admitted indebtedness, and that such payment was the only benefit which he received in the transaction. There must be no dispute as to the amount due. (*Palmerton* v. *Huxford*, 4 Den., 166; *Pierce* v. *Pierce*, 25 Barb., 247; *Longridge* v. *Dorville*, 5 B. & Ald., 117; *Tuttle* v. *Tuttle*, 12 Metc., 551.) If the creditor receives any thing in addition to part payment in satisfaction of the whole liability, which in judgment of law may be deemed a benefit to him, it is a good accord and satisfaction. (*Douglass* v. *White*, 3 Barb. Ch., 621; *Hinckley* v. *Arey*, 27 Me., 362.) As if a part be paid and received in full satisfaction before the whole is due. (*Brooks* v. *White*, 2 Metc., 283; *Goodnow* v. *Smith*, 18 Pick., 414.) Or in a way more beneficial to the creditors than that prescribed by the contract. (*Sibree* v. *Tripp*, 14 M. & M., 23.)

*Geo. Barrows*, for the respondent.

E. DARWIN SMITH, J.:

It is undoubtedly true that an agreement to accept part of an admitted debt in satisfaction of the whole, or the payment of a less sum after a specific debt is due, in satisfaction of such debt, is not sufficient to discharge the debtor from the payment of the residue without a release. But this doctrine will not, I think, sustain the ruling at the Circuit, that the receipt given in evidence by the defendant, dated July, 15, 1872, was not valid and effectual as an accord and satisfaction of the plaintiff's debts and claims against the defendant.

At the time when that receipt was given, the plaintiff had com-

menced an action against the defendant, and also one against his wife, and such suits were then pending. By the terms of the receipt, these suits were both discontinued, and twenty-five dollars included in said receipt was advanced by the said defendants to pay the costs in such suits. The receipt acknowledges the payment of $1,500, in full, of notes, agreements, or claims of all kinds against the said parties, and that it was understood that the transaction finished all suits or litigation against said parties of C. M. Wood, B. A. Wood and A. Wood and son's estate. And, also, it states that it is understood that no claim is to be made for any machinery in the factory unless H. Weed pays his indebtedness to plaintiff, as per agreement of same.

This receipt, I think, upon its face, implies that it was given upon a settlement and compromise of all suits and disputes, and was designed to be a full and final settlement of all controversies, causes of action and litigation between the parties. It includes, upon its face, a relinquishment of all claims on the part of the defendants in the said suits, then discontinued, " of all claims to be made by them for any machinery in the factory" therein referred to, in addition to the payment of the $1,500. This was a distinct consideration, and was sufficient to sustain the receipt as a final accord and satisfaction of all matters in controversy between the parties.

In *Douglass* v. *White* (3 Barb. Ch., 624), the chancellor said: That " if a debtor, in addition to the agreement to pay part of the debt, gives the creditor any thing which, in judgment of law, can be considered a benefit, and the creditor accepts it as a satisfaction of the whole liability, it is a good accord and satisfaction.

In *Boyd & Suydam* v. *Hitchcock* (20 Johns., 76), three promissory notes were given by a debtor for part of his debt, with an indorsee, which were accepted in satisfaction of the debt. The court held that here was a beneficial interest acquired, and a valuable consideration received by the plaintiff, and that it was a valid discharge on the ground of accord and satisfaction. To the same effect are the cases of *Kellogg* v. *Richards* (14 Wend., 116); *Frisbie* v. *Lamed* (21 id., 450); *Howard* v. *Norton* (65 Barb., 167).

The receipt, we think, was a perfect accord and satisfaction of plaintiff's claims, and was so intended, and a complete defense to the action.

The order denying a new trial should be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order reversed and new trial granted, with costs to abide event.