RICHARD S. ROBERTS AND OTHERS, APPELLANTS, *v.* AUGUSTUS BRANDIES AND MATTHEW SHAFFER, RESPONDENTS.

*The giving of the notes of a third person in satisfaction of a judgment, though for less than the amount due thereon, operates as an accord and satisfaction — effect of the receipt of principal on the right to collect interest.*

The plaintiffs having recovered judgment against the defendants for $578.72, and nearly ten years interest having accrued thereon, accepted from the defendants $260 in cash and three promissory notes of a firm, which was not the

judgment debtor, for $100 each, which were paid at maturity, in full satisfaction of the judgment.

In an action, brought to enforce the judgment on the ground that the acceptance of a sum less than the amount due thereon could not operate as a satisfaction thereof:

*Held*, that the giving of the notes of a third person operated as an accord and satisfaction and discharge of the judgment debt.

That, as the cash payment and notes exceeded in amount the judgment, aside from the costs and interest, the receipt of the principal sum due was a bar to any claim for interest thereon.

APPEAL from judgment entered on the verdict of a jury in favor of the defendants.

*G. S. P. Stillman*, for the appellants.

*Thornton, Earle & Kiendl*, for the respondents.

BRADY, J.:

The plaintiffs recovered judgment against the defendants in the State of New Jersey for $578.72 which was still unpaid in the year 1882 and nearly ten years' interest had accrued. In that year one Morehouse was authorized by the plaintiffs to settle and collect the judgment. In pursuance of the authority thus reposed in him he accepted from the defendants $260 in cash and three promissory notes of $100 each, at six, twelve and eighteen months, which were sent to and received by the plaintiffs. On receipt of the money and the notes, Morehouse gave to defendants a receipt to Brandies & Co. for notes and the sum of money paid, in which it was stated that when the notes were paid they were to be in full satisfaction of the judgment recovered by the plaintiffs against Brandies and Shaffer, and that such judgment would be canceled of record. The three notes given by the defendants were paid, and it appears that after the payment of these notes the defendants Brandies applied for the satisfaction piece of the judgment, which was not at first refused, but subsequently refused upon the ground, it would seem, that Morehouse had no authority to make the compromise which he had, or accept a smaller sum than the judgment.

There appears to be but one exception in the case presented for our consideration and that was taken to proof of the transaction between the defendant Brandies and the plaintiffs' attorney More-

house, upon the ground that no agreement could be made for the vacating or discharging the judgment without showing that it was paid in full. The authority of Morehouse was denied by the plaintiffs, but this question was submitted to the jury upon the evidence in relation to it, which was conflicting, and decided against the plaintiffs as the verdict indicates. The amount of the judgment with the interest added being in excess of the amount accepted in full satisfaction of the debt, the question really presented in this case is, whether that payment thus made was a discharge of the debt.

The proposition that the payment of a lesser sum cannot be a satisfaction for a greater one seems to have originated in *Pinnell's Case* (Cokes Rep., pt. 5, p. 117), wherein it was so solved by the whole court, although it was said that the giving of a horse, hawk or robe, etc., in payment was a good accord and satisfaction. This adjudication was followed by *Cumber* v. *Wayne* (1 Strange, 426) and a series of cases, all resting upon the doctrine of that case. It has since been questioned and indeed it may be said, assailed and very slight reasons for departing from it accepted, as the history of the doctrine would demonstrate, if time were taken to follow the various adjudications bearing upon the subject. In the Court of Queen's Bench, however, in *Beer* v. *Foakes*, decided in the Queen's Bench Division in 1883, it was said that the decision in *Cumber* v. *Wayne* depended upon a mere technicality, and further, that judges had long tried to escape from the doctrine which was a reproach to English law, namely, that a creditor may not make a valid agreement to take in payment a smaller sum than the amount of his debt. Upon appeal, however, the conclusions at which the learned judge arrived were reversed and it was held that the plaintiff's right was the same as if no agreement of compromise had ever existed and this judgment on appeal to the House of Lords was affirmed. (See *Foakes* v. *Beer*, 9 App. Cases, 605.) The cases of Pinnell and Cumber against Wayne were referred to, and although the house of lords considered themselves bound by the rule established in the Pinnell case and enforced it, nevertheless it is apparent that it did not meet with their approval, and as suggested in the opinions, slight reasons were regarded as sufficient for a departure from its rigor when the opportunity presented itself. The same spirit has prevailed in this State where it has been held that although the

payment of a lesser cannot discharge a greater sum, yet the same amount could in a new form, such for example as an indorsed note which is paid, or a chattel which is accepted in payment, be sufficient for the purpose of discharging the debt, as either would be good as an accord and satisfastion. In this case there was a new consideration. In *Douglass* v. *White* (3 Barb., Chan., 624), it was held that if the defendant, in addition to an agreement to pay a part of the debt, gives the plaintiff anything which in judgment of law can be considered a benefit, and the creditor accepts it as a satisfaction of the whole liability, it is a good accord and satisfaction. In *Boyd & Suydam* v. *Hitchcock* (20 Johns., 76), it appears that three indorsed promissory notes were given by the debtor for a part of his debt and accepted in satisfaction of the whole debt, and the court held that there was a beneficial interest acquired and a valuable consideration received by the plaintiff, which created a valid discharge on the principle of accord and satisfaction. To the same effect are *Kellogg* v. *Richards* (14 Wend., 116); *Frisbie* v. *Larned* (21 id., 450); *Howard* v. *Norton* (65 Barb., 167); see, also, *Pardee* v. *Wood* (8 Hun, 584). In this case it appears that when efforts were first made by Morehouse to collect the judgment, the defendant Brandies, with whom the entire transaction was conducted and consummated, had no means and was working on pay, but the negotiations, nevertheless, resulted in the giving of the money paid and the notes, the defendant Brandies stating that he thought he could borrow the money. As it has been observed, the notes which were given in satisfaction of the judgment were signed " A. Brandies & Co.," and which appears to be a different firm from that against which the judgment was obtained.

This circumstance brings the compromise within the principle cited, and particularly that of *Boyd & Suydam* v. *Hitchcock* (*supra*). It is said in these adjudications that very slight new considerations are regarded as sufficient to overcome the rule established by the case of Pinnell, and it is for this reason that the acceptance of a note indorsed by a third party, or any new liability given, has been regarded as sufficient to accomplish that object. There is another element which affects the question, and that is that the payment made was in excess of the judgment, aside from the costs and interest, and it has been held that interest being recoverable as

damages for non-payment of principal, the receipt of the principal due to the creditor is a bar to any claim for interest thereon. (*Cutter* v. *Mayor*, etc., 92 N. Y., 166; *Jacot* v. *Emmett*, 11 Paige, 142, and *Hamilton* v. *Van Rensselaer*, 43 N. Y., 244.)

For these reasons we think the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.