Court Reporter — Travel Expenses to Office A court reporter engaged by a district judge living within the district court judicial district in a county other than that in which the judge resides may be reimbursed by the state for travel expenses from his place of residence to the courthouse of the county in which the district judge resides. The Attorney General has had under consideration your letter wherein you ask the following question: "If a court reporter engaged by a district judge lives within the district court judicial district in a county other than that in which the district judge resides, may he be reimbursed by the state for travel from his place of residence to the courthouse of the county in which the district judges resides?" The following statutes are relevant to your inquiry: Title 20 O.S. 105.1 [20-105.1] (1968): "Reimbursement for necessary and actual expenses of District and Superior Court judges and their court reporters, within their districts but outside the county of their residence and when assigned outside their districts shall be as provided in 74 O.S. 500.1 [74-500.1] to 74 O.S. 500.14 [74-500.14] (1961), inclusive, as amended." Title 20 O.S. 106.6 [20-106.6] (1968): "The Presiding Judge may assign a court reporter to serve anywhere within the administrative district in which the court reporter is appointed. A court reporter shall be paid travel expenses incurred in connection with his official duties outside the county wherein he resides. No expenses shall be paid a court reporter for travel in his county of residence. . . ." S.B. 25, Section 104(d), 32nd Oklahoma Legislature, 1st Session (1969), in relevant part: "Whenever a judge of the district court or a court reporter is assigned to serve at any place within the county designated for holding court sessions other than the courthouse of the county in which he is a resident judge or a resident court reporter of the district court, he shall be entitled to mileage for travel from the courthouse to such designated court location and back to the courthouse, as well as his travel from one designated court location to another designated court location within the county and back to the courthouse. The mileage so traveled shall be paid at the rate of ten cents ($0.10) per mile out of the court fund of the county of which such official is a resident judge or a court reporter. . . . No mileage shall be paid for travel by a judge or by a court reporter between his place of residence and the courthouse of the district court of the county of which such judge or court reporter is a resident." The title to the Senate Bill contains the following language: "AN ACT RELATING TO COURTS . . . AUTHORIZING PAYMENT OF MILEAGE EXPENSES FOR TRAVEL BY JUDGE'S OF THE DISTRICT COURT AND COURT REPORTERS WITHIN THE COUNTY; . . . PRESCRIBING NO MILEAGE TO BE PAID FOR TRAVEL BY A JUDGE OR COURT REPORTER TO COURTHOUSE OF THE COUNTY IN WHICH HE IS A RESIDENT; PRESCRIBING THAT A COURT REPORTER REGULARLY SERVING A DISTRICT JUDGE TO BE DENIED A RESIDENT OF THIS SAME COUNTY AS THE DISTRICT JUDGE HE SERVES: . . . ." We find no requirement that a court reporter reside in the same county as a district judge which appoints him. Section 105.1 provides that court reporters are to be reimbursed for actual and necessary expenses as provided in the general statutes covering reimbursement. Under these general statutes, this office has held that a state officer or employee may not collect travel expenses for travel from his home to his office or usual place of business. See Opinion No. 63-293 addressed to Honorable John M. Rogers, dated June 12, 1963. However, a court reporter is in a situation which differs from the type of state officer discussed in that opinion. The opinion concerned an officer or employee who resides in a place where he had. no business to perform and traveled to his office or place of usual business. A court reporter works in each county of a judicial district. He can only reside in one of these counties and therefore must travel when called upon to work in courts in the other counties. The statutes recognize the necessity of travel and provide mileage expenses for travel within the district but outside the county of his residence. No exception is made for travel to the county where the district judge resides. We feel that Section 20 O.S. 106.6 [20-106.6] deals with the Assignment of court reporters and does not concern travel of a court reporter in work for the district judge which appointed him. The travel Claims contemplated in that section are those which arise from such an assignment only. The Senate Bill provides for mileage expenses for travel from the courthouse in the county where the court reporter resides to other places of court within the county. The Bill one time contained language to the effect that a court reporter was deemed to be a resident of the county in which the district judge which appointed him lived. The Bill was first presented to the Governor in this form but recalled before signature. It was repassed with this language deleted, however it remained in the title of the Act. It was signed into law in its present form. Thus the title to Senate Bill No. 25 contains language dealing with a provision not covered in the act itself. But this does not mean that the act is invalid, nor does that part of the title have any effect as law. See Crawford v. Corporation Commission, 188 Okl. 101,106 P.2d 806 (1940), which contains the following language: ". . . The subject expressed in the title is broader than the matters contained in the body of the Act. Under the title the Legislature might have properly included fees to be charged by other state officers. The inhibition in the Constitution is against including in the Act subject matter not embraced within the title. The fact that matters within the title are not included in the Act does not render it violative of the Constitution. . . ." Therefore, it is the opinion of the Attorney General that a court reporter engaged by a district judge living within the district court judicial district in a county other than that in which the judge resides may be reimbursed by the state for travel expenses from his place of residence to the courthouse of the county in which the district judge resides. (Prudence Little)