Jones et al. *v.* Perkins et al.

---

JOHN P. JONES et al. *vs.* DENNIS PERKINS et al.

An agreement to accept a less sum, or the actual acceptance, at the place of payment, of a less sum than the amount due by the terms of the original contract, is no defence to the debtor; but this rule is technical.

But if such payment of a less sum is made, or to be made, at a place different from that appointed by the contract, this is a sufficient consideration, and the payment discharges the original contract.

Where no place of performance is specified by a contract, the presumption

of law is, that it is to be performed where it was made; and a debtor is not required to go out of the State to make payment.

A contract to pay $1,500 in N. Y., in discharge of the sum of $2,000 payable in Miss., is a sufficient consideration to bind the creditor, if an offer was made to perform the contract in N. Y. before notice of the withdrawal of the proposition reached the debtor.

Money placed in the hands of an agent to pay two notes equally due by a debtor, cannot be appropriated to the payment of one of the notes at the option of the creditor.

IN error from the circuit court of Hinds county; Hon. R. Barnett, judge.

This was a suit instituted in the circuit court of Hinds county, by Dennis Perkins & Co., against John P. Jones and Duncan McLauren, Jr., upon a promissory note executed by the defendants at Jackson, Miss., on the 12th of May, 1850, for $1,050, and due twelve months after date to Dennis Perkins & Co., of New York. Jones and McLauren owed the firm of Dennis Perkins & Co. one other promissory note due for the sum of $1,050, and the two notes together amounted to the sum of something over two thousand dollars; and upon the first one of the notes Dennis Perkins & Co. had security for its payment. Jones and McLauren failed in business and were paying off their debts at fifty cents on the dollar, and Dennis Perkins & Co. instructed their agent to make arrangements with Jones and McLauren that if they would pay them (Dennis Perkins & Co.) $1,500 in the city of New York, that they should be discharged from their indebtedness upon the two notes due them, which Jones and McLauren accepted. Jones and McLauren appointed an agent, who went to New York City for the purpose of complying with the proposition of Dennis Perkins & Co., and the senior partner of the said firm agreed to take the $1,500, in satisfaction of the two notes due them from Jones and McLauren; and at the request of the said senior partner, the agent (Avery) sent a telegraphic despatch to Jones, at Jackson, Miss., informing him that said sum would be received in payment of the two notes. But on the following day an attachment was served upon the agent, (Avery,) as having funds of Jones and McLauren in his hands, and by virtue of the same a sufficient amount was taken from

the agent to pay the note, on which no security had been given; and a suit was instituted in this State to recover the amount due on the other note. That the agent of Jones and McLauren paid $1,200 in New York, and he was ready and willing to pay the balance of the $1,500 agreed to be received in discharge of the notes, and which Dennis Perkins & Co. had agreed to take, had not the proposition been interrupted by the summary with-- drawal of the same by the process of attachment issued by them against Avery, the agent of Jones and McLauren.

The circuit court ruled out the testimony of Avery as not competent, and judgment was rendered in favor of Dennis Perkins & Co. for the full amount of the note; and Jones and McLauren prayed a writ of error to this court.

*J. F. Foute,* for appellants.

*S. Tifft,* for appellees.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiffs below, Dennis Perkins & Co., brought a suit in the circuit court of Hinds county, upon a promissory note made by the defendants, for the sum of $1,050, dated Jackson, May 12, 1850, and payable twelve months after date.

The defendants introduced on the trial the deposition of E. M. Avery, for the purpose of proving that Dennis Perkins & Co. had agreed in the early part of the summer of 1851 to accept and receive in full payment of their entire indebtedness, amount- ing to over $2,000 against Jones, the sum of $1,500, to be paid to the plaintiffs in the city of New York. Witness proves that previous to leaving Jackson for New York, he was authorized by Jones to settle with the plaintiffs according to the above understanding, and had in New York a sufficient amount of funds belonging to Jones to settle according to an understand- ing there had with Perkins, one of the plaintiffs, that he would have so settled but for the fact that the plaintiffs there, for the first time, withdrew the proposition and attached the funds in his hands belonging to Jones; that said funds, to the amount of $1,221.40, were used in paying a note of plaintiffs against Jones, falling due in 1850.

The court excluded this evidence from the jury, and the question is whether it erred in so doing.

It is true that an agreement to accept a less sum, or the actual acceptance at the place of payment, by the terms of the original contract, of a less sum than the amount due, is no defence to the debtor. It is, however, said that this rule is entirely "technical, and not very well supported by reasons." 14 Wendell, 119. Hence we infer that it requires but a very slight consideration to support such contracts. While the general rule is as above stated, that a payment of a less sum than the amount due at the place of payment will not discharge the contract, yet if such payment is made, or to be made at a place different from that appointed by the contract, this is a sufficient consideration. Where no place of performance is specified by the contract, the presumption of law is, that it is to be performed where it was made. The note in this case was made at Jackson, Miss., and the presumption of law is that it was to be paid there, as no other place of payment is named. The debtor, according to the authorities, was not required to go out of the State to make payment. 25 Wendell, 406. The contract to pay $1,500 in discharge of a sum exceeding $2,000, was to be performed in New York. This was a sufficient consideration to bind the plaintiffs, if an offer was made to perform the contract in New York before notice of the withdrawal of the proposition reached the defendant in Mississippi. After he had employed an agent to transact his business, and had incurred the risk, trouble, and expense of sending funds to New York, in pursuance of the agreement, it was too late for the plaintiffs to withdraw the proposition and to decline a compliance on their part.

It appears, at least the inference is very clear to that effect, that very soon after learning from the agent that he was prepared to carry out Jones's contract, the plaintiffs attached the funds in his hands and abandoned the agreement. This conduct might have warranted the jury in coming to the conclusion that the proposition to take the $1,500 in payment of the two debts, was merely intended as a stratagem to induce the debtor to send his funds to New York, where they could be attached by the plaintiffs, and appropriated exclusively to the

payment of the note on which they had no security. If such was their design, their conduct was clearly fraudulent. The funds were placed in the hands of the agent for the purpose of paying both notes; the plaintiffs knew this fact, and they had no right, if they chose to abandon the agreement, to resort to remedies to have the money appropriated otherwise than the debtor himself had directed, equally to the payment of both notes, or to the note on which his security was involved, if such was the debtor's choice.

We are, therefore, of opinion that the court erred in rejecting the evidence.

Judgment reversed, and *venire de novo* awarded.

A petition for a reargument was filed in this case by the counsel for appellee, but the court refused to grant a reargument.