ROBERT and H. V. PULLIAM *v.* A. H. TAYLOR.

1. ACCORD AND SATISFACTION. — If the creditor compounds with the debtor, and agrees to take less than the whole debt, and accepts the bond or promissory note of his creditor with security, or the note of a third person; here the new and additional security makes the consideration for a relinquishment of the excess, and the accord and satisfaction are complete.

2. SAME — CASE IN JUDGMENT. — Where P. was indebted to T. in the sum of $3,400, and it was agreed that in satisfaction of the debt, P. should execute his notes for $1,500, to be paid in three annual installments of $500 each, which should be secured by mortgage, the notes and mortgage were executed, P. paid one of the notes, T. brought suit on the original debt, disregarding the agreement, *held*, that the mortgage as security was a sufficient consideration to uphold the agreement, and that the accord and satisfaction were complete.

ERROR to the Circuit Court of Chickasaw County.  Hon. W. D. BRADFORD, Judge.

Taylor brought an action of debt in the circuit court of Chickasaw county against Robert and H. V. Pulliam, on a promissory note for $3,400, dated November 20, 1869, due at one day and bearing interest at ten per cent. per annum.  The defendants interposed this plea in bar of the recovery sought.  After the making of the promissory note mentioned, to wit:  In January, 1866, and before the commencement of this suit, the defendants executed and delivered to the plaintiff, who then and there received and ac-

cepted from defendants, their three several promissory notes, in writing of the value of fifteen hundred dollars, all dated January 10, 1867, each for the sum of five hundred dollars, and all payable to A. H. Taylor, or *bearer*, the first falling due January 10, 1868, the second, January 10, 1869, and the third, January 10, 1870, secured by a deed of trust, signed and sealed by said defendants, to one U. S. Williams, trustee, with power to sell certain lands of said defendants situated in said county, and delivered with the notes to plaintiff in full satisfaction and discharge of the promises in the declaration mentioned, and of all the damages sustained by reason of the nonperformance thereof. One of said notes has been paid, and the defendants have always been ready and willing to pay the other two notes according to their tenor and effect to the rightful holder and owner thereof. The plaintiff in the court below demurred to this plea because, as it is said, the facts alleged are no defense to the action, because there is no sufficient consideration averred, and because it is not alleged that the notes ever were assigned, and the defendants do not tender, with their plea, the amount of the notes remaining unpaid. The demurrer was sustained, and that ruling of the court is here assigned for error.

*W. L. Nugent*, for plaintiff in error :

The plea of accord and satisfaction, or of a composition of the original promise is the subject matter of controversy. Is it good ? Ordinarily an agreement to pay and accept, or even the payment and acceptance of a less sum than is due in satisfaction of a debt is not a good accord and satisfaction. But this rule proceeds solely upon the hypothesis that the creditor receives no benefit from the transaction. If, however, the plaintiff received something valuable, or something collateral to the new promise showing the *possibility of benefit* to him, then the accord and satisfaction is good. Keeler v. Neal, 2 Watts, 424 ; Harrison v. Close, 2 John., 448 ; Latapee v. Pecholier, 2 Wash., C. C., 180 ; Musgrove v. Gibbs, 1 Dall., 217 ; Howe v. MacKay, 5 Pick., 44 ; Makepeace v. Harvard College, 10 Pick., 304 ; Wil-

liams v. Stanton, 1 Root, 426; Blinn v. Chester, 5 Day, 360.   So also the giving of further security for part of a debt and accept- ance of it in full of all demands, though it be for a less sum than the debt, makes a valid accord and satisfaction.   Boyd v. Hitch- cock, 20 John., 76; Le Page v. McRae, 1 Wend., 164; Kellogg v. Richards, 14 Wend., 116; Keeler v. Salisbury, 33 N. Y., 648.

In Jones et al. v. Perkins et al., 29 Miss., 142, the court say: "The rule (that an agreement to accept a less sum than the amount due is no defense to the debtor), is entirely technical, and not very well supported by reasons."   *   *   *   If such payment is made, or to be made at a place different from that appointed by the contract, this is a sufficient consideration."   The debt in that case exceeded $2,000 payable at Jackson, Mississippi, and the contract was to pay $1,500 at New York, in full payment and dis- charge of it.   The accord and satisfaction were, therefore, held good.   And this but agrees with the current of authority when they place as a test the benefit or possibility of benefit to the re- linquishing party.

In this case, the debtor gave new notes payable to *bearer,* and secured by a deed of trust.   So that, in point of fact, to permit a recovery on the original contract would work a great wrong upon him, whether he was ever held liable on the outstanding new notes or note.   Nor can I well see how it could be held that the acceptance of the *collateral* security did not estop any suit upon the original note.   It was certainly contemplated by the parties that, upon default, the security provided was to be resorted to by the creditor.   There is very little doubt of the proposition that the commercial character conferred upon the notes *payable to bearer* takes them out of the operation of our statute, and renders the maker liable to pay them in the hands of an innocent holder without notice.   Clearly the plea was good, and the plaintiff in error should have been compelled to reply and tender the trust deed and new notes for cancellation, for it cannot be contended that these instruments, obtained in the manner indicated, can be used

for any other purpose. The creditor cannot affirm and disaffirm the contract of compromise. It is either good or it is not good. If good, the plea was a complete bar to the action; if bad, fair dealing and common honesty required the surrender of the notes and deed, and the placing *upon the record in the case,* the debtor in *statu quo.* It is not right that the *creditor* should recover upon the idea that the compromise, being unsupported by any consideration, was void, and leave the *debtor* to the hazards of future litigation to protect himself against the consequences of a supposed imprudent act. Such a procedure would be contrary to the maxims of the law, and destitute of right.

*A. Y. Harper,* on the same side.

*Houston & Reynolds,* for defendant in error.

The errors assigned are, that the court erred in sustaining the demurrer to the 2d, 3d and 4th pleas.

I. The second plea sets up usury. It avers that the note was given for usurious interest, and is pleaded in bar of the *entire action.* It does not state how much interest in excess of the legal rate was included in the note.

At common law, usury avoids the entire contract; under our statute it is a defense only for the excess of interest charged above the legal rate. Hence, under our statute, a plea of usury should not and cannot be in bar of the entire action. The plaintiffs should be allowed, if there be no other defense than that of usury, to take judgment by default for the principal, and the issue tried as to the interest, or he may confess the plea, and take judgment for the principal and interest. McLaurin v. Parker, 24 Miss., 509–12.

Defendants gave notice, with their plea of the general issue, that they would rely upon the defense of usury. This waived any error committed by the court in sustaining the demurrer to the second plea. We will discuss this under our third general head.

On the trial, there was no testimony to sustain the plea of

usury. There was no instruction asked or given in reference to this defense.

II. The third and fourth pleas present substantially the same defense — a pretended accord and satisfaction. The accord set up is, an agreement to accept three notes of defendants, secured by trust deed upon their property, of five hundred dollars each; the satisfaction, the delivery of these notes and their payment, and in the 4th plea, a readiness to pay.

The amount of the three notes for $500 each is a less sum than that sued for. An agreement to accept a less sum, or the actual acceptance of a less sum, than the amount due, is not an extinguishment of the demand. Fitch v. Sutton, 5 East., 230 ; Boyd v. Hitchcock, 20 John., 76.

"A promise to pay a smaller sum than that which is due, to extinguish an existing debt, does not operate as an extinguishment of the same, where the promise is reinforced by additional security from the debtor's own means," as by a mortgage or deed of trust upon his real estate. Keeler v. Saulsbury, 33 N. Y. (6 Tif.), 648, 653.

III. Defendants, under their plea of the general issue, gave notice that they would offer in evidence certain special facts in bar and avoidance of the action. The special facts included in this notice are the same as those set forth in their second, third and fourth pleas. Under the notice, defendants had the right to introduce every legal defense which they could have done under their special pleas. Erroneous decisions on the pleadings are no grounds for reversal, where the defendant could make the same defense under another plea. George's Digest, 371, sec. 36 ; 3 S. & M., 647 ; 27 Miss., 425 ; 31 Miss.. 606 ; 32 ib., 245 ; 33 ib., 503.

In Montgomery v. Dillingham, 3 S. & M., 647, it was held, where a party defendant pleads several pleas, to which demurrers are sustained, and afterwards pleads a further plea subject to demurrer, but upon which the plaintiff takes issue, that the judgment of the court, even if erroneous, was not error prejudicial to the defendant. To the same effect is Crane v. French, 38 Miss., 503.

In Conner v. Swain, 32 Miss., 245, even if it was erroneous for the court to have sustained the demurrer to the 3d, 4th and 2d special pleas, it was not an error prejudicial to defendants, as they could have made the same defense under the general issue, with notice of the special matters which was filed, as they could under the special pleas.

IV. The first charge shows that there was testimony showing a payment of $500 by defendants to plaintiff, and that this was ap-plied by consent of parties to the payment of a judgment of Pat-rick Gwin & Co. against defendants. The court instructs the jury that if so applied it was not to be credited on the note sued upon.

The second instruction shows, that if there was any agreement of accord and satisfaction of the note sued upon, it was rescinded before consummation by mutual consent, and the amount paid by defendants in pursuance of such agreement applied to the judg-ment of Patrick Gwin & Co. v. Defendants, by the direction of the latter. It is manifest from the instructions asked by plaintiff that defendants attempted under their notice with the plea of the gen-eral issue to prove their defense of accord and satisfaction, and that they signally failed in that attempt. Hence, if the court erred in sustaining the demurrer to the 3d and 4th pleas, it was not an error prejudicial to defendant.

Our conclusions are, that the demurrer to the special pleas was properly sustained, but if they should have been overruled, this court will not reverse the cause for it would be an error which would not prejudice plaintiffs in error.

SIMRALL, J., delivered the opinion of the court:

This writ of error is prosecuted to review the rulings of the cir-cuit court in sustaining a demurrer to the defendant's special pleas, setting up accord and satisfaction.

The first plea avers an agreement to make and deliver to the plaintiff three promissory notes of $500 each, and to execute and deliver a deed in trust as security therefor, in payment and satis-

faction of the note sued on; and that the notes and deed in trust were accordingly made and delivered to, and received by the plaintiff. To this plea the demurrer was sustained.

Thereupon, the defendants filed, under the judgment of *respondeat ouster*, a fourth plea, alleging the same facts with more fullness and particularity, with the additional averment, that the defendant had paid the first due of the three notes of $500 each, and that he was ready and willing to pay the other two according to their tenor and effect. At the same time, defendants filed a notice that they would offer to prove a series of facts, substantially the same as those stated in the plea.

To this plea the demurrer was also sustained. The case was submitted to the jury on the general issue. There was no motion made for a new trial; and we are without information as to the evidence before the jury.

It is urged, in this court, that the demurrer ought not to have been sustained to the third and fourth pleas.

Accord and satisfaction is the substitution of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement. Such is the definition of this sort of defense, usually given. But a broader application of the doctrine has been made in later times, where one promise or agreement is set up in satisfaction of another. The rule is, that an agreement or promise of the same grade will not be held to be in satisfaction of a prior one, unless it has been expressly accepted as such. As, where a new promissory note has been given in lieu of a former one, to have the effect of a satisfaction of the former, it must have been accepted on an express agreement to that effect.

But the original promise was to pay $3,400, and the new agreement was to pay only $1,500, in three equal installments. The general rule is, that a similar security for a smaller debt cannot be pleaded in satisfaction of a larger debt. Heathcote v. Crookshanks, 2 T. R., 24; Lynn v. Bruce, 2 H. Bl., 317. But the rule

is not applied, except where there is a liquidated debt. If the
demand is for unliquidated pecuniary damages, the acceptance of
a smaller sum than that originally claimed, will be a satisfaction,
and may be pleaded to the action. Longridge v. Dorville, 5 B. &
A., 117; Wilkinson v. Byers, 1 A. & E., 106.

The doctrine generally accepted by the courts is, that a creditor
is not bound by an agreement to accept a smaller sum in lieu of
a liquidated ascertained debt of a larger amount. If, however,
the latter agreement or promise is supported by some new and
additional advantage to the creditor, it will serve as a consider-
ation sufficient to support the new promise or agreement. Stein-
man v. Magnus, 2 Camp., 124; Sibree v. Tripp, 15 M. & W., 23.
The earlier authorities lay down the rule with strictness, that an
accord to avail anything must be executed. The performance too,
it was said, must be strictly in conformity to the accord. It
would be difficult to reconcile with this principle that class of
cases which hold that a subsequent agreement or promise may
be pleaded in satisfaction of a prior one, unless there has been
performance of the latter. The distinction which is palpable is,
that in the latter class of cases the *promise* or *agreement* is secured
in satisfaction. But if the intendment of the parties is, that per-
formance of the latter promise, and not the promise itself, is
intended to work satisfaction, then there will be no satisfaction
without performance.

The reason as given by Lord Ellenborough in Fitch v. Sutton,
5 East, 232, why the acceptance of a less sum in money than is
actually due will not extinguish the whole debt, though received
by the creditor upon that condition, is that there must be some
consideration for the relinquishment of the excess beyond the
amount paid; something to show the possibility of benefit to the
creditor. It is well settled on authority, that if the creditor accept
some other thing, as a chattel of much less value, it could be
pleaded in satisfaction. There is no sound, rational distinction
between the acceptance of an article of property, worth just half

the amount of the debt, especially such commodities as cotton or iron, that have a definite market value, and the acceptance of half the amount of the debt in money. Yet all the authorities agree that the former would be a good accord and satisfaction, and the latter would not. Because this distinction has no solid foundation, and seems to be without good reason, resting at this day exclusively upon authority, the courts of late years have been astute to withdraw from its application all those cases where there was any new consideration or benefit that might inure to the creditor, although it might fall far short of the original debt. It may be difficult to yield assent to the proposition, that if the debtor pays in money, and the creditor takes in payment and discharge of his debt one half, it is no satisfaction; yet he may take the bond or promissory note of his debtor with surety, or the note of a third person for half of the amount due, and that will be a good discharge and satisfaction. Boyd v. Hitchcock, 20 John., 76, was the case of receiving the debtor's note with the name of another person as surety, for less than was due, was held to be a valid accord and satisfaction. In Kellogg v. Richards, 14 Wend., 116, the creditor took the note of a third person for a less sum, which was a good accord and satisfaction. If the payment of a less sum in money is made before the debt is due, that is a satisfaction, because it might be more beneficial than the whole sum on the day. Pinnell's case, 5 Co., 117.

The rule supported by authority is this. If the creditor compounds with the debtor, and agrees to take less than the whole debt, and accepts the bond or promissory note of his debtor with security, or the note of a third person, here the new and additional security makes a consideration for a relinquishment of the excess, and the accord and satisfaction are complete. Brooks v. White, 2 Met., Mass., 285, 6, 7; Boyd & Suydam, 20 John., 76; Booth v. Smith, 3 Wend., 66; Harper v. Graham, 20 Ohio Rep., 114. These and other cases that might be referred to hold the doctrine, that if the debtor offers *additional* security, on the terms

that the creditor shall give up a portion of his debt and the creditor consents, and actually accepts the new security, for less than the whole debt, it does constitute a valid accord and satisfaction. The requisites of the common law, to make a valid contract are met. The *security* is a sufficient consideration to support the agreement. And since the parties are the judges of the value of the consideration, no good reason can be assigned why the courts should not recognize such a contract. ·

In the exigencies of business, it may be a very prudent arrangement, for a creditor to *secure* part of his debt when the whole is in danger of loss.

The pleas (in their substance) bring the defense within the rule we have been discussing. The agreement was that the defendants should make the three promisory notes of $500 each secured by deed of trust, which the plaintiff accepted in discharge of his larger debt. The 3d plea sets up the accord to have been that the notes and deed of trust were to be made, and the creditor agreed to accept them in satisfaction of the debt sued on — that they were so executed and received by the plaintiff. The notes and the security, were accepted in satisfaction so that the plaintiff would look to them alone, and not to the original debt. The performance contemplated by the plea was the making and delivery to the plaintiff of the notes and security.

We are of opinion that the demurrer to the 3d and 4th pleas ought to have been overruled. The counsel for the defendant in error, insists, that although it may have been erroneous to adjudge the pleas bad, yet the defendants under the notice might have proved the same facts to the jury. We can not, in the absence of information communicated by the record, suppose that the circuit court would have allowed testimony to go to the jury to establish a defense which it had twice adjudged to be bad. No question has been made in this court arising on the pleas as to their technical fullness. We have confined ourselves to their substantial merits We think the pleas substantially good.

The judgment of the circuit court is reversed, and judgment rendered in this court, overruling the demurrer to the third and fourth pleas, and cause remanded for further proceedings.