## HOUSTON BURRUS v. W. J. GORDON.

1. PAYMENT.  *Sum less than debt.*
   Payment of a less is not a good plea to a demand for a greater sum.
2. SET-OFF.  *Action for damages.*
   Set-off is not available in a suit for unliquidated damages.
3. ACCORD AND SATISFACTION.  *The accord.*
   To constitute accord and satisfaction an agreement is essential that the
     sum paid or act performed shall be accepted in satisfaction of the
     original demand.
4. SAME.  *The satisfaction.*
   Performance is essential to accord and satisfaction unless the promise
     was accepted in satisfaction.
5. COVENANT.  *Plea of general performance.*
   A plea of general performance is demurrable in an action of covenant
     in which specific breaches are assigned.  *Emanuel* v. *Laughlin*, 3 S.
     & M. 342, cited.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

*Robert Bowman*, for the plaintiff in error.

1. The demurrer to the eighth plea, which was general
performance of covenants, should have been overruled.  Chitty
lays down the rule that where, as in this case, the covenants
are in the affirmative and not in the negative or disjunctive,
performance may be pleaded generally.  3 Chitty Pl. 985.

"In pleading the performance of conditions precedent, the plaintiff or defendant may aver generally that he duly performed all the conditions on his part." Code 1871, § 585.

2. The court erred in sustaining the demurrer to the plea of payment and set-off. Under the plea of payment the defendant can prove any partial payment or set-off, the nature whereof is shown in the account filed with his plea. Code 1871, §§ 603, 604. Set-off is a demand presented against another demand for the purpose of reducing its amount. Waterman on Set-off (2d ed.), 2. Although this action was on a covenant, yet the covenant was in effect no more than an agreement to pay so much money. The claim of the defendant was fixed, and there were no unliquidated damages on either side.

3. The rulings as to the settlement of the demand were also erroneous. If there was at any time a settlement in satisfaction, or to be in satisfaction, of the failure to perform the covenants, clearly the law was for the defendant. The evidence that it was agreed that, if the defendant would pay for the rails, his contract would be complied with was, by the refusal of that instruction, excluded from the consideration of the jury.

*Garnett Andrews*, for the defendant in error.

1. A plea of general performance to a declaration in covenant assigning specific breaches has always been held bad. 1 Chitty Pl. 487. The only possible replication to such a plea would be to reassign the breaches, to which the defendant might rejoin general performance and so on *ad infinitum*. The defendant's proper plea in this case is a denial of the breaches assigned. 1 Arch. Nisi Prius, 434; *Emanuel* v. *Laughlin*, 3 S. & M. 342; *Thompson* v. *Means*, 11 S. & M. 604. Neither 3 Chitty Pl. 985, nor Code 1871, § 585, referred to by the plaintiff in error, supports his position as to this plea.

2. The demurrer was properly sustained to the sixth plea. The damages sued for are essentially unliquidated, and a set-off cannot be pleaded to covenant for unliquidated damages. 1 Arch. Nisi Prius, 265, 445; *Whitaker* v. *Robinson*, 8 S. & M. 349; Waterman on Set-off (2d ed.), 198, 199, 333, 348.

3. The instruction which was designed to present the law of accord and satisfaction, was properly refused, because it failed

to state in all respects the rule, particularly as to the plaintiff's acceptance of the promise in satisfaction of his demand.

GEORGE, C. J., delivered the opinion of the court.

The defendant in error leased a tract of land to the plaintiff in error for the year 1876. The lease was by indenture signed and sealed by both parties. By its terms, Burrus was to pay a specified amount of cotton per acre as rent; to clear up six acres of land; to repair the fences by making them up to an agreed height; to leave on the place the seed of the cotton raised on it; and to surrender the premises in good repair on December 31, 1876. Gordon brought his action of covenant on this indenture, assigning, as specific breaches of the stipulations, the failure to deliver two hundred pounds of the cotton due as rent, the failure to leave the cotton seed on the place, and the neglect to clear the six acres of land, and to repair the fences; and claimed as damages, for these breaches of the covenants on the part of Burrus, the sum of $500. To this the plaintiff in error interposed several pleas, to the sixth and eighth of which demurrers were sustained; and this action of the court below is here assigned as error. The sixth plea averred in substance that in April, 1877, and before the commencement of this suit, the defendant paid to the plaintiff $76.80, in full satisfaction of all the damages sustained by him by reason of the breaches of the covenants mentioned in the declaration. To this plea was appended an account in favor of the defendant against the plaintiff, consisting of four items of alleged indebtedness of the plaintiff to the defendant, amounting to $76.80, the amount stated in the plea. These items were not technical payments, but, if allowable at all, could be allowed only as set-off.

The sixth plea is inartificially drawn; and while it possesses some of the qualities of a plea of payment, and also some of the qualities of a plea of accord and satisfaction, it is yet not good as either. As a plea of payment it is bad, because it sets up a payment of $76.80 in full satisfaction of a demand for $500. As a plea of accord and satisfaction it is bad, because it fails to state any accord between the parties that the sum paid should be accepted in satisfaction of the plaintiff's larger

demand. The uncertainty of the nature of the plea is removed by an agreement of the defendant set out in the record, that it should be treated as a " plea of payment and set-off." We have already seen that it was bad as a plea of payment. It was also bad as a plea of set-off, conceding that such a plea is allowable in any case under our pleading act, because the action was for unliquidated damages, in part at least. *Whitaker* v. *Robinson*, 8 S. & M. 349; *Gordon* v. *Bowne*, 2 Johns. 150; Montagu on Set-off, 13, 17, 19. The demurrer was also properly sustained to the eighth plea, which was a plea of general performance to an action of covenant, in which specific breaches were assigned. *Emanuel* v. *Laughlin*, 3 S. & M. 342.

It is also assigned for error that the court refused to charge the jury as requested in the fifth charge preferred by the defendant. This charge was to the effect that though the jury believe that there was a failure of the defendant to keep all his covenants, " yet if at any time there was a settlement in satisfaction, or to be in satisfaction of such failure, then the law is for the defendant." The evidence on which this request for a charge was based, as given by the defendant as a witness in his own behalf, was that the agent of the plaintiff agreed with him that " if the defendant would pay for the splitting of two thousand rails his contract would be complied with, and that he agreed to do it." He admitted on cross-examination that he had never made the payment. The charge, when considered by itself, is obscure, and is objectionable in not explaining to the jury the nature of the settlement requisite as a defence to the action. When applied to the evidence, it appears to be still more objectionable, since it is not shown that the plaintiff's agent agreed to accept the simple promise of the defendant to pay for the rails as a satisfaction of the plaintiff's demand. To constitute a valid accord and satisfaction, the agreement or accord must be executed; there must be satisfaction as well as an accord. It is true that the satisfaction will be complete if the promise of the defendant be accepted as satisfaction, in lieu of actual performance. But the evidence did not sustain this view. See *Barnes* v. *Lloyd*, 1 How. 584; *Guion* v. *Doherty*, 43 Miss. 538. We perceive no error in the record.          *Judgment affirmed.*