W. L. CLAYTON, ADMINISTRATOR, *v.* JOHN CLARK, EXECUTOR, ET AL.

PAYMENT.    *Agreement to accept lesser sum than debt in satisfaction.*

The acceptance from the maker by the payee of a note, of a sum less than the amount due, with an agreement that it is received as full satisfaction, accompanied by the surrender of the note, extinguishes the entire debt.    *Jones* v. *Perkins*, 29 Miss., 139; *Pulliam* v. *Taylor*, 50 Miss., 251, in so far as they announce the contrary, and *Burrus* v. *Gordon*, 57 Miss., 93, overruled.

FROM the circuit court of Lee county. .

HON. NEWNAN CAYCE, Judge.

Appellant's intestate instituted this suit seeking recovery on a promissory note for $2,789, less a credit of $1,000, against the appellees, the surviving makers of the note, and the executor of one of them who had died.    The declaration itself showed that, upon payment of the $1,000 for which credit was given, by R. C. Clark, one of the makers, the note was surrendered to him by the payee.    The defendants filed three pleas.    By the first one it was averred that about the time of the maturity of the note the payee of the note transferred and assigned the same to R. C. Clark, one of the makers; by the second, a like transfer and assignment was pleaded, and it was averred to have been so transferred for a valuable consideration; and by the third plea a like transfer and assignment was stated, and it was averred to have been made in consideration of the $1,000 paid by R. C. Clark to the payee.

The original plaintiff having died, the suit was revived in the name of the appellant, his administrator, who demurred to each of the pleas, assigning as causes of demurrer, in various forms, that the pleas only amounted, in effect, to claims of payment of $1,000 on a note for a much larger sum, and that credit was

given for the $1,000 by the declaration. The demurrer was overruled, and from the judgment rendered for the defendants the plaintiff appealed.

*W. L. Clayton*, for appellant.

The payment of about two thousand dollars less than the amount due on the note, does not discharge the note, no other or different consideration being alleged. This is the rule in all the courts, both in England and America. I refer to some of the authorities. *Fitch* v. *Sutton*, 5 East, 230; *Boyd* v. *Hitchcock*, 10 John., 76; *Pulliam* v. *Taylor*, 50 Miss., 251; *Jones* v. *Perkins*, 29 Miss., 139. These cases lay down the rule plainly that the payment of a less sum than that due by a debtor, without any other or different consideration, does not discharge the debt, but only operates as payment *pro tanto*. It seems to me there can be no doubt that the legal effect of all the pleas is that of payment of a less sum in discharge of the whole debt. If this be true, certainly they are insufficient.

*Blair & Anderson*, for appellees.

This court ought to hold that where the payee in a note surrenders it to the maker in consideration of the payment by the latter of a less amount due, even after maturity, the payee cannot recover the balance remaining unpaid on the note. In other words, where the transaction is completed and executed in every respect, the court ought not to disturb the *status quo* of the parties. Such a case is not covered by the principles announced in the cases of *Pulliam* v. *Taylor* and *Jones* v. *Perkins*, relied on by opposing counsel. The statements of facts in those cases do not show that the payment of the less amount than the contract called for had been made, and the contract, or evidence of indebtedness, transferred and surrendered, as in this case.

It is true there would be no consideration for the surrender of the contract under such circumstances, but it is in the nature

of a gift of the balance due on the note or contract, and, where such an agreement is fully completed in every respect, there is no reason why they should not be upheld by the courts. There is no doubt whatever about the proposition that the payee in the note may make a valid and binding gift of his note to the maker. Our court recognizes this doctrine in the case of *Young* v. *Power*, 41 Miss., 197.

It is true an unexecuted contract to give is not binding, and cannot be enforced. Neither is a contract to make a deed of gift to land. But where the contract is executed, where the gift has been made, the court will leave the parties where they have placed themselves. We ask, what is the difference, in principle, between this class of cases and a case in which the payee has surrendered his evidence of indebtedness to the maker of the debt on the payment of only a part of what is owing to him? We can see none. The payee in the note says to the maker, "If you will pay me one-half of what you owe me, I will give you the balance of the debt." That is what it amounts to. The agreement, as long as it is unexecuted, is not binding. But, when fully executed, why should it not be, as in case of a gift?

WOODS, C. J., delivered the opinion of the court.

The single assignment of error is as to the action of the trial court in overruling the demurrer interposed by plaintiff below to the pleas of the defendant. If the pleas had distinctly set up a payment of the note sued on by the tender of $1,000—a lesser sum than that named in the note—by the debtor, and the acceptance of this lesser sum by the creditor as full payment of the note, in pursuance of an agreement of both parties to that effect, before the day of the maturity of the note, then by all the authorities the pleas would have been good. For the reason, to quote Coke's quaint language in Pinnel's case, 3 Coke's Reports, 117, that "peradventure parcel of it before the day would be more beneficial to him than the whole at the day,"

as multitudes of creditors who have been in sore straits can bear witness to from happy experience. But the pleas do not aver with sufficient distinctness any payment before the day of the note's maturity; they only aver that about the thirtieth of July payment was made, when the copy of the note sued on shows on its face that the note was due August 1. It is to be observed, however, that the declaration on the note does not profess to give an exact copy of the note, but only a substantial copy, because, as is alleged, the note itself was not in the possession of the plaintiff, but was then held by the defendants. Now, to this declaration the pleas only answered that about two days before the date of the note's maturity as shown by the copy sued on, and not made from the original then in the defendant's possession, payment was made by tender and acceptance of the lesser sum for the greater. But the plea is to be taken most strongly against the pleader, and about a certain time may mean a day or a week or a month after the time, as well as a day or a week or a month before the time.

We are unable to adopt as sound the argument of counsel for appellees that these pleas are pleas not of satisfaction and payment, but only pleas denying title in appellant to the note, because of the pleas averring that the note had been transferred and assigned by the payee to the payor. Whenever there is shown a legal assignment and transfer of an obligation to pay money by the obligee to the obligor, necessarily there is an extinguishment of the debt, and in such case the debt may be properly said to be satisfied, to be paid. And, as perfectly appears, not only from the transcript before us, but as is substantially agreed by the counsel of the respective parties, the pleas interposed all set up one and the same matters of defense, so it, also, perfectly appears that this defense was a new contract entered into by the parties, whereby it was agreed that the payor of the note should pay to its holder and owner, and the latter should accept from the former a lesser, stipulated sum for the greater sum named in the note, in full satisfaction

of the debt, and as a full discharge of the payor from further liability, and that this new contract, with the concurrence of both parties thereto, has been completely executed by payment and acceptance of the agreed lesser sum, and the evidence of the indebtedness surrendered and delivered up to its maker by its holder.

With the case viewed in the light of the foregoing elucidation of the purpose and effect of the pleadings, this question—not a new one in our jurisprudence — squarely confronts us, viz.: Will the acceptance of a lesser sum, in money, by the payee of a note, than the greater sum actually due from the debtor, on the distinct agreement that such payment and acceptance of the lesser sum shall extinguish the whole debt evidenced by the note, operate to satisfy the note and discharge the debtor, unless the lesser sum of money is paid before the maturity of the note for the greater sum, or unless the lesser sum of money is paid at another place than that named in the note itself as the place of payment? This question has, in two cases, been remarked upon by this court, and, though not necessary to the determination of the question presented in either case, was, in both instances, affirmatively answered, though in both the affirmative answer was given with evident reluctance and with doubt as to its soundness. We refer to the cases of *Jones et al.* v. *Perkins et al.*, 29 Miss., 139, and *Pulliam* v. *Taylor*, 50 Miss., 251. In the former case, the defense was that the parties had contracted to pay and to accept $1,500 in New York in discharge of a debt for $2,000, payable by its terms in Mississippi; and the court held, as is universally held elsewhere, that this was a good defense. But that defense is not the one now before us. In the other case of *Pulliam* v. *Taylor*, the defense was that the debtor had compounded with his creditor, and the creditor had contracted and agreed to accept less than the whole amount of the debt, and had actually accepted the notes of the debtor for the smaller sum, to be paid in installments in equal annual payments thereafter, the notes being secured by mortgage, and

that one of the notes had actually been paid to the creditor; and this was held to be a good defense to a suit brought by the creditor on the original debt, in disregard of the new agreement to accept notes for a lesser sum. But neither is this the defense before us in the present case.

In the case of *Burrus* v. *Gordon*, 57 Miss., 93, in which this question was directly presented for determination, it was held that the plea of payment of a less sum for an original greater sum was bad; but the court contented itself with the bare statement of the holding, without reference to authorities, and without argument.

It has been held in England, though not unbrokenly, nor without now and then hostile criticism from bench and bar, that an agreement by a creditor with his debtor, to accept a smaller sum of money in satisfaction of an ascertained debt of a greater sum, is without consideration, and is not binding upon the creditor, even though he has received the smaller sum agreed upon in the new contract. And in the United States, blindly following what was supposed to be settled law in England for nearly three hundred years, our courts have uniformly announced adherence to this rule, though in most of the cases examined by us, no such announcement was necessary to their determination. The rule is, in nearly all the cases, declared to have been first announced in Pinnel's case, 3 Coke's Reports, 117, whereas, an examination of that mischievous and misleading reported case will make it appear at once that the question before us was not in any way involved. Pinnel's plea was, that before the maturity of his bond for the larger sum, plaintiff had accepted a lesser sum agreed upon between the parties, in full satisfaction of the original debt. Now, all the authorities, American and English, including Coke himself, agree that this was a good defense, and that the plaintiff was bound by it, if defendant should properly plead it to a suit for the entire original debt. But the hapless Pinnel, in that remote period when courts were almost as jealous for the observance of technical

rules of special pleading as for the execution of justice according to right, was adjudged to pay the whole debt, the plaintiff having judgment against him because of his "insufficient pleading, for," says Coke, "he did not plead that he had paid the £5 2s. 2d. in full satisfaction (as by law he ought), but pleaded the payment of part generally, and that the plaintiff accepted it in full satisfaction."

However amusing and absurd this may appear to us, it was the point decided in Pinnel's case, and the question before us was not only not decided, but it was impossible that it should have been. There Pinnel pleaded payment of the lesser sum before the date of the maturity of the greater sum named in the bond, and its acceptance by his creditor in full satisfaction, and he lost, unhappy wretch that he was—born two or three centuries too soon, and not knowing the difference betwixt legal tweedledum and legal tweedledee—because he pleaded that he paid a part of the greater original sum and that the plaintiff accepted it in full satisfaction, and did not plead that he paid it in full satisfaction. The rule is found in Pinnel's case, but it is bald dictum, and, as stated by Lord Blackburn, in *Foakes* v. *Beer*, before the house of lords, 9 Appeal Cases, Law Reports, 605, for the long period of one hundred and fifteen years after Pinnel's case was decided no case is to be found "in which the question was raised whether payment of a lesser sum could be satisfaction of a liquidated demand." And even after the lapse of more than a century, when the hoary dictum in 3 Coke, Pinnel's case, had by some of the English courts been thought to have ripened into authority, the authority of the dictum was doubted in other tribunals, and its correctness more than once denied, as Lord Blackburn vividly and overwhelmingly demonstrates. Before turning to the American courts, we quote with distinct approbation the observations following, with which Lord Blackburn concludes his opinion, intended to show that Coke was mistaken as to fact, as well as law, in endeavoring to uphold the rule announced by the dictum in Pinnel's case, that

the new agreement to pay a lesser sum is void because unsupported by any consideration—that is, that no benefit, in such case, inured to the creditor, viz.: "What principally weighs with me in thinking that Lord Coke made a mistake of fact is my conviction that all men of business, whether merchants or tradesmen, do every day recognize and act on the ground that prompt payment of a part of their demand may be more beneficial to them than it would be to insist on their rights and enforce payment of the whole.  Even where the debtor is perfectly solvent, and sure to pay at last, this often is so.  Where the credit of the debtor is doubtful it must be more so."

Turning now to the holdings of the American courts on this question, we are profoundly and painfully impressed with the slavish adherence of the legal and judicial mind to precedent, or, in many cases, to what seems to be precedent only.  We have seen already that in neither of our own two reported cases, to which we first referred, was there any question of the effect of a payment in money of a smaller sum in full satisfaction of a larger sum, after maturity of this larger sum, and at the place of payment named in the original contract, and yet in both instances the law is stated to be as laid down in the dictum in Pinnel's case, though in one of our cases (*Jones* v. *Perkins*) it is declared that the rule is entirely technical, and not very well supported by reasons (as a New York court had before then remarked), and "that it requires but very slight consideration to support such contracts"—that is, contracts to pay a lesser sum for and in full satisfaction of a greater original debt.    In the other case in our reports (*Pulliam* v. *Taylor*) the court said: "The reason given by Lord Ellenborough, in *Fitch* v. *Sutton*, 5 East, 232" (the first case, in Lord Blackburn's opinion, in which the dictum in Pinnell's case is acted upon as authority, unmistakably), "why the acceptance of a less sum in money than is actually due will not extinguish the whole debt, though received by the creditor upon that condition, is that there must be some consideration for the relinquish-

ment beyond the amount paid—something to show the possibility of benefit to the creditor.   It is well settled on authority, that if the creditor accept some other thing—as, a chattel of much less value—it could be pleaded in satisfaction.   There is no sound, rational distinction between the acceptance of an article of property, worth just half the amount of the debt, especially such commodities as cotton or iron, that have a definite market value, and the acceptance of half the amount of the debt in money.''   And yet, although in both our cases the rule under consideration is denounced in the opinions as entirely technical,'' "not well supported by reasons,'' not sound, and irrational, it is, nevertheless, seemingly agreed in both that the acceptance of a less sum in money than is actually due will not extinguish the debt, though in neither case was any such point before the court for adjudication.

In New York, where the dictum in Pinnell's case has been received as authority, the highest court has said: "It is true there does not seem to be much, if any, ground for distinction between such a case '' (one where the debtor offers additional security for a smaller sum and the creditor accepts such security for the smaller sum as satisfaction for the whole debt) "and one where a less sum of money is paid and agreed to be accepted in full, which would not be a good plea.   But the distinction is as sound as that which exists between the cases of receiving a less sum of money and an article of property just half the value, which would constitute a perfect defense.   The rule that the payment of a less sum of money, though agreed by the plaintiff to be received in full satisfaction of a debt exceeding that amount, shall not be so considered in contemplation of law, is technical, and not very well supported by reason.   Courts, therefore, have departed from it upon slight considerations.''   *Kellogg & Dumont* v. *Richards & Sherman*, 14 Wend., 116.   It is worthy of curious note that neither in this case, nor in that of *Boyd & Saydom* v. *Hitchcock*, 20 Johns., 76, on which this case rests, was there any plea of

payment of a lesser sum of money in satisfaction of a greater sum in an original debt, but in one case the point involved was whether a creditor, on a compromise with his debtor, who accepts the note of a third party for a less sum than the original debt due him, in full payment of his debt, may recover any part of his original debt beyond that secured by the note of the third person; and, in the other case, the point was whether a debtor, who gives his note indorsed by a third party as further security for a part of a larger original debt, which is accepted by the creditor in full satisfaction of the whole debt, may plead this in bar of a recovery on the original demand. And, in both cases, the debtor was held discharged from the original debt beyond the sum secured by the note of the third person, or that secured by the note of the debtor for the smaller sum, and indorsed by a third party.

In *Harper* v. *Graham*, 20 Ohio, 105, the general rule was announced in about the terms employed in the other cases cited by us, and its utter absurdity exposed in vigorous phrase. Says the opinion: "The history of judicial decisions upon the subject has shown a constant effort to escape from its absurdity and injustice. . . . We see, then, that the payment of a less sum than is due, the day before the debt falls due, will discharge it; payment at another place than is stipulated will do so; the delivery of a collateral article of any value will do so; the acceptance of the debtor's note with security, the note of a third person, or even the negotiable note of the debtor himself, will do so. And yet, the payment of as much money in hand as is called for by such note, will have no such effect, although it is demonstrable that the utmost that the creditor can get from such note cannot exceed in amount that which he gets in hand in the other case, without trouble, delay, or expense. It may seem, to some persons not having a great veneration for these institutions of antiquity, for which no reason can be given, that a rule so effectually undermined, and having neither rhyme nor reason to support it, ought to be at once

overruled and the whole matter placed upon the footing of reason and common sense, especially as the exigencies of modern commerce frequently compel the most deserving men, with the aid of friends, to compromise their debts for less than the amount due—an operation mutually beneficial to both debtor and creditor, as the creditor gets a part, where otherwise he would lose the whole, and the debtor is left free to commence again with the hope of better success.   These considerations will necessarily arise whenever it becomes necessary to decide the general question.   In this case we aspire to nothing higher than to follow in the footsteps of the sages of the law, and hold this one of the cases 'taken out' of the rule, because the money, by the original obligation, was payable in Ohio, whereas the lesser sum of money was paid at another place, to wit, in Arkansas.''

The absurdity and unreasonableness of the rule seem to be generally conceded, but there also seems to remain a wavering, shadowy belief in the fact, falsely so called, that the agreement to accept, and the actual acceptance of, a lesser sum in the full satisfaction of a larger sum, is without any consideration to support it—that is, that the new agreement confers no benefit upon the creditor.   However it may have seemed three hundred years ago in England, when trade and commerce had not yet burst their swaddling bands, at this day and in this country, where almost every man is in some way or other engaged in trade or commerce it is as ridiculous as it is untrue to say that the payment of a lesser part of an originally greater debt, cash in hand, without vexation, cost, and delay, or the hazards of litigation in an effort to collect all, is not often—nay, generally— greatly to the benefit of the creditor.  Why shall not money— the thing sought to be secured by new notes of third parties, notes whose payment in money is designed to be secured by mortgage, and even negotiable notes of the debtor himself— why shall not the actual payment of money, cash in hand, be held to be as good consideration for a new agreement, as bene-

ficial to the creditor, as any mere promises to pay the same amount, by whomsoever made and howsoever secured? And why may not men make and substitute a new contract and agreement for an old one, even if the old contract calls for a money payment? And why may one accept a horse worth one hundred dollars in full satisfaction of a promissory note for one thousand dollars, and be bound thereby, and yet not be legally bound by his agreement to accept nine hundred and ninety-nine dollars, and his actual acceptance of it, in full satisfaction of the one thousand dollar note? No reason can be assigned, except that just adverted to, and this rests upon a mistake in fact. And a rule of law which declares that under no circumstances, however favorable and beneficial to the creditor, or however hard and full of sacrifice to the debtor, can the payment of a less sum of money at the time and place stipulated in the original obligation, or afterwards, for a greater sum, though accepted by the creditor in full satisfaction of the whole debt, ever amount in law to satisfaction of the original debt, is absurd, irrational, unsupported by reason and not founded in authority, as has been declared by courts of the highest respectability, and of last resort, even when yielding reluctant assent to it. We decline to adopt or to follow it, and if there is anything in the cases of *Jones* v. *Perkins*, 29 Miss., 139, or *Pulliam* v. *Taylor*, 50 Miss., 251, which may be regarded as sanctioning the rule that the payment of a less sum of money, though agreed to be received in full satisfaction of a debt greater in amount than such agreed payment, shall not be so considered in legal contemplation, then, to that extent, those cases are hereby overruled; and the case of *Burrus* v. *Gordon*, 57 Miss., 93, in so far as it sanctions the rule we are combating, is hereby overruled.

*Affirmed.*

WHITFIELD, J., specially concurring.

In the notes to *Cumber* v. *Wane*, Smith's Leading Cases, vol. 1, part 1, p. 602, it is said: "There is authority for saying that a liquidated demand, founded upon a bill of exchange or

promissory note, even though overdue, may be forgiven by word of mouth; and if this be law, *a fortiori*, such a demand might be discharged by the payment of a less amount than that secured by the note," citing *Foster* v. *Dowber*, 6 Exch., 839. But it is said that this is not true, if the debt be not evidenced by bill of exchange or promissory note. *Ib.* This is in the English notes. In the American notes it is said, p. 630, citing Campbell's Estate, 7 Burr, 100: "A parol forgiveness of a promissory note . . . is invalid, unless there is a consideration or the instrument is surrendered. All the cases agree," said Gibson, C. J., "that the final discharge of a debt without consideration or the delivery up of the security is inoperative." Again, on page 631: "The appropriate mode of releasing a debt is by a writing under seal or by surrendering the bond or note constituting the evidence of the obligation. . . . The surrender of a right of action . . . requires a seal and consideration, or that the instrument which represents the right should be handed over by the creditor," citing many authorities, and the same rule is set out on pages 633 and 635, at which last page it is said: "And it has been held that the debt may be forgiven by the surrender of the instrument to the obligor . . . without the aid of a seal or the presence of a consideration." And in Clark on Contracts (1894), p. 184 *et seq.*, the subject is fully discussed, the author saying, p. 190: "Since a person may, if he choose, make a gift to another which, when executed, will be irrevocable, a creditor may, on receiving part of the debt, expressly forgive the debtor the residue," citing many authorities, among others *State* v. *Story*, 57 Miss., 738, which last case is an improper citation, for that was a case of compromise of a disputed claim, resting on wholly different considerations. Finally, *Young* v. *Power*, 41 Miss., 197, expressly holds that "where a note is delivered up by the creditor to the debtor, accompanied by the declaration that the creditor forgave the debt, or would not require payment, it was a valid executed gift of the debt and a

release of it." With us, of course, the presence or absence of the seal counts for nothing.

Now, in this case there are present all the facts which, under the above principles, make the delivery up of the notes a valid executed gift, falling strictly within the rule announced in *Young* v. *Power, supra.* The notes were surrendered by the deceased creditor to the debtor on the express agreement that they were not to be paid. There can, in such case, be no danger of fraud, perjury, or mistake.

In the English note above referred to, in Smith's Leading Cases, p. 610, it is said: "A principle so deeply established in the very forms and elements of the law, and which has so long sustained itself in the courts, has something better than a mere barren technicality to rest upon. In fact, as a technical rule, it may be doubted whether the maxim that a smaller sum cannot be a satisfaction of a larger debt, could apply to anything but a bond, which the old law regarded as an actual gift or transfer of the money, and gave the action of debt for the detainer of what was, in law, the very property of the obligee; technically it would be difficult to make it apply to simple contracts. But, as a principle of evidence, this rule which requires for the substantiation of such agreements either a surrender of the instrument or a legal release, is a just, wise, and convenient rule, so great is the danger of fraud and mistake."

The distinction here drawn, placing the rule for its reason on the surrender of the instrument as a mode of proof rather than upon a supposed doctrine of substantive law that in no case can the payment of a smaller sum satisfy the debt, meets, on principle and on authority, the exigencies of the present case. And while not desiring to be understood as dissenting from the vigorous and splendid reasoning of my brother, Woods, I simply prefer to rest the decision of this case upon its proper facts.