# January Term, 1907.

[No. 5307.]
[No. 2945 C. A.]

## SCHLESSINGER v. SCHLESSINGER.

1. Accord and Satisfaction—Payment Less than Liquidated Sum Due—Release Not Under Seal—Money Borrowed to Make Payment.

The payment by a debtor of a sum less than the liquidated sum due under his agreement with the creditor, who executes a writing not under seal purporting to release the debtor from all claims under the agreement, is not a satisfaction of the full debt, although the debtor may have borrowed the money with which to make the payment, and an action will lie for the balance.—P. 46.

2. Same—Motion for Judgment on Pleadings.

An affirmative defense of accord and satisfaction, setting forth that plaintiff agreed with defendant that, on payment to her of a certain amount, less than the amount due, she would cancel and deliver to defendant the agreement sued upon, and would give him a receipt in full of all demands, in consideration of which defendant paid such sum to plaintiff out of moneys borrowed by him for that purpose, whereupon plaintiff executed and delivered to defendant a release of claims and wrote across the face of the contract that the sum was canceled—such alleged release not being under seal, and there being no averment that plaintiff knew that defendant borrowed the money, is insufficient as a plea of accord and satisfaction, and a failure to sustain a motion for judgment on the pleadings constitutes prejudicial error.—P. 47.

3. Alimony — Accord and Satisfaction — Bankruptcy — Not Discharge Husband's Liability.

The obligation incurred by a husband under a contract with his wife, made in contemplation of obtaining a divorce which was afterwards done, whereby he agreed to pay her a specified sum per month so long as she remained unmarried, is in the nature of alimony, and is not barred by his discharge in bankruptcy; and an accord and satisfaction based upon his threat to enter into voluntary bankruptcy unless such settlement is made, is not supported by a sufficient consideration, and the divorced wife may recover the balance due.—P. 48.

(44)

**4.  Evidence—Release Not Under Seal—Receipt—Open to Explanation.**

A writing, not under seal, executed by a creditor and purporting to release a debtor of all claims under a written contract, is open to explanation, even though the contract be marked "Canceled."—P. 49.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Mr. H. RIDDELL and Mr. E. W. HURLBUT, for appellant.

Mr. CHAS. R. BROCK (Mr. S. S. ABBOTT, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In the year 1900, the plaintiff, Mrs. Schlessinger, brought this action to recover on a written contract entered into between her and defendant (who, at that time, was her husband, and then contemplated, and afterwards did obtain, a decree of divorce), whereby the defendant agreed to pay plaintiff the sum of $50 a month so long as she remained unmarried.

In his answer, the defendant admitted the execution, in 1884, of the contract sued on, but, by the affirmative defense of accord and satisfaction therein pleaded, sought to escape liability thereon. There was a trial before a jury, which returned a verdict for the plaintiff in the sum of $1,400, and from the judgment entered upon that verdict. the defendant is here by appeal.

We are concerned only with the affirmative defense of the answer. In substance, that defense is,

that, after the execution of the contract set up in the complaint, defendant made the required payments thereon for a time, but afterwards neglected to do so. In July, 1898, defendant was indebted to plaintiff thereunder more than $3,000, which had been reduced to judgments. As the result of negotiations between the parties, the plaintiff, at that date, agreed with the defendant that, on payment to her of the sum of $3,000 in money, which was less than the full amount then due, she would cancel and deliver to defendant the agreement sued upon, and satisfy and vacate the judgments, and give him a receipt in full of all demands of every kind; in consideration of which, defendant paid the same to the plaintiff out of moneys borrowed by him for that purpose, whereupon plaintiff executed and delivered to him what he calls a release, but which is not under seal, and is merely a receipt purporting to release and discharge the defendant of all claims she had against him under the contract, including the judgments; and plaintiff further caused to be written across the original contract that the same was canceled. The defendant's position is, as set up in this defense, that the payment of the $3,000, which was less than the amount at the time due to the plaintiff, canceled his obligations under the contract.

To this defense, the plaintiff filed a replication, in legal effect charging that the subsequent agreement of composition was procured from her as the result of duress and fraud by the defendant, and that at the time she was, because of her mental and bodily weakness, unable to, and did not, understand the nature of the transaction.

Ever since the decision in *Pinnel's case,* reported in 3 Coke's Reports 117, and notwithstanding the frequent vigorous criticism, and in *Clayton v. Clark,* 74 Miss. 499, repudiation thereof, the rule is

settled in England, and in the federal and state courts of the United States, that payment of part of a liquidated sum due is not to be taken as satisfaction of the full debt, regardless of the form of receipt which may be given.—*Barnum v. Green,* 13 Colo. App. 254; *Hanson v. McCann,* 20 Colo. App. 43; *St. L., Ft. S. & W. R. R. Co. v. Davis,* 35 Kan. 464, 1 Am. & Eng. Enc. Law (2d ed.) 413, 1 Cyc. Law and Proc. 319.

The rule is so nearly universal that further citation of authorities in support of it is unnecessary. We refer, however, to an article in 57 Cent. Law Journal 244, where the writer suggests that, in time, this harsh rule will be abrogated by the courts. However that may be, it is so well established in this jurisdiction that we do not feel at liberty to disregard it, particularly as appellant does not question its existence in this state, but claims that the case at bar comes within one of its well-recognized exceptions.

The defense invoked is what, at the common law, is called accord and satisfaction. As pleaded here, however, it is manifestly insufficient. It appears that, at the time of the alleged accord and satisfaction, defendant was indebted to plaintiff in a greater sum than $3,000. The payment of this smaller sum to plaintiff, defendant exclusively relies upon in his pleading as constituting an accord and satisfaction and release of all claims and demands which the plaintiff theretofore had against him.

There is an averment that defendant borrowed this sum with which to make the payment, but there is no averment that plaintiff knew about it, or that it was brought to her attention. The authorities seem to be that such a circumstance is not in any sense a collateral consideration for a discharge, even if brought to the attention of the creditor.—*Bunge et al. v. Koop,* 48 N. Y. 225.

This pleading being insufficient as a plea of accord and satisfaction, the court should have sustained plaintiff's motion for judgment on the pleadings, and, in overruling the same, prejudicial error was committed.

The appellant, however, makes the additional point, which is not mentioned in his answer, but is disclosed by the evidence produced on the issue of duress, and plaintiff's mental unsoundness, that the composition agreement was made by the parties upon defendant's threat that he would enter into voluntary bankruptcy unless such settlement was made, and that the plaintiff, fearing that, if he did so, she would lose her entire claim, accepted the sum of $3,000 in satisfaction of the greater sum then due her. In *Hanson v. McCann, supra, Dawson v. Beall,* 68 Ga. 328, was cited with approval. In the latter case, an executed agreement by the debtor not to take the benefit of the bankrupt law and thereby endanger the whole debt was deemed sufficient to support an agreement of compromise, whereby a smaller sum than the entire debt was accepted in discharge of the whole. In the same case, *Hinckley v. Arey,* 27 Me. 362, was also approved, in which it was held that the fact that plaintiff entered into a similar composition agreement because she was informed that the defendant contemplated taking the benefit of the bankrupt act, which would have caused her the loss of her entire debt, constituted a sufficient consideration for the agreement of settlement.

In the *Hanson case,* the entire debt, being an ordinary debt, was held to be discharged by the payment of a less sum than the full amount due, where the insolvent debtor contemplated resorting to voluntary bankruptcy, and agreed to refrain from doing so if his creditor would accept less than the amount of the debt in full satisfaction. These cases, however,

all proceed upon the theory that debts of the character then under consideration would be wiped out by a proceeding in bankruptcy. These authorities, however, are not applicable to the case at bar, because the debt which the defendant owed to the plaintiff was not a debt of an ordinary character, or a debt such as could be proven in bankruptcy, and would not be barred by the discharge of the debtor in a bankruptcy proceeding. The debt here, which grew out of a contract, is in the nature of alimony. The husband is under a legal obligation to support his wife, and would be obliged to provide support if she was without independent means, in the event of a divorce. —*Welty v. Welty,* 195 Ill. 335; *Audubon v. Shufeldt,* 181 U. S. 575; *Dunbar v. Dunbar,* 190 U. S. 340.

Since, therefore, the indebtedness of this defendant to the plaintiff would not have been barred, and the defendant would not have been discharged from his obligation to pay the same, had he carried out his threat and voluntarily taken the benefit of the bankruptcy law, which, in fact, he did, neither an executed agreement not to avail himself of that privilege, nor a threat to do so, could, or would, constitute any consideration whatever for a compromise entered into on any such basis, or for any such reason.

Neither the plea as made, nor the evidence in its support, operates as a bar of plaintiff's rights under the contract. The general rule already mentioned, though rigid and having numerous exceptions, is applicable in its entirety to the case as made by the defendant in his pleadings and proof.

What the defendant pleads as a release is not a release. It is not under seal, and is nothing more than a receipt, and is open to explanation. The circumstance that plaintiff canceled in writing the original agreement is not, under the facts of this case, important or controlling. Reliance is had upon the pay-

ment of a less sum than the amount due on a liqui-
dated obligation, and, as said in *Barnum v. Green,*
such payment, regardless of the form of the receipt
which may be given as evidencing the transaction, is
good only as a payment of that particular sum, and
the excess may be recovered by the creditor.

In affirming the judgment upon this ground, we
are not required to pass upon the assignments of
error directed against certain instructions of the
court upon the question of duress and the state of
plaintiff's mind at the time the composition agree-
ment was made. We might have some difficulty in
sustaining some of these instructions as abstract
propositions of law, although, in view of the evidence
upon the issue of the defendant's mental condition,
the judgment might be affirmed, notwithstanding an
incorrect charge, on the ground that, under the un-
contradicted evidence, no other judgment could prop-
erly be given. However that may be, for the reasons
heretofore given, the judgment must be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT
concur.