## No. 11,000.

### FINCHER v. EDWIN M. BOSWORTH & CO.

Decided June 15, 1925.

Action on account.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Pleading—Amendment.*   Whether a ruling of the trial court denying leave to file a second amended defense was technically correct, not determined, where every defense available thereunder, and all evidence applicable thereto, received due consideration under the answer as it stood.

2. ACCOUNT STATED—*Error.*   In an action on account, defendant could not take advantage of an erroneous credit item in his favor, on account of payment made by another, in which he had no interest and to which he asserted no claim save by reason of the erroneous credit.

3. JUDGMENT—*Judgment Non Obstante.*   Motion by plaintiff for judgment non obstante is properly granted, where his motion for a directed verdict should have been sustained.

*Error to the District Court of the City and County of Denver, Hon. Jesse C. Wiley, Judge.*

Messrs. SABIN & MCGLASHAN, for plaintiff in error.

Messrs. BARTELS & BLOOD, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiff, a stock brokerage concern, brought suit against defendant, one of its customers, for $1,000 balance on

account.  Verdict was for defendant.  Plaintiff moved for judgment notwithstanding the verdict.  That motion was sustained.  To review the judgment so entered defendant brings error.

The plaintiff alleged an indebtedness on open account and credits which left due a balance of $1,000, and filed a bill of particulars.  Defendant denied the indebtedness, and set up a "further defense" to which a general demurrer was sustained.  Defendant also filed a cross complaint which he now waives.  The further defense was amended and a general demurrer sustained thereto.  Another amendment was tendered and leave to file denied.  Whether the court's rulings on the "further defense" were technically correct we need not determine.  Every defense available thereunder and all evidence applicable thereto received due consideration under the answer as it stood.  Replication having been filed the cause was tried and the jury disagreed.  On the second trial plaintiff requested an instructed verdict, which request was refused.  The entire controversy concerned a payment of $1,000 on January 3, 1922, which defendant asserted and plaintiff denied.  The sole proof of this payment was a statement of account, furnished by plaintiff to defendant, showing it and leaving due a small balance which defendant paid and by virtue of which he claimed settlement.  Plaintiff established by uncontradicted evidence, oral and documentary, that it had erroneously credited to defendant this payment which had been made by another and in which defendant had no interest and to which he asserted no claim save by reason of said erroneous credit.  Such being the evidence plaintiff's motion for a directed verdict should have been sustained.  Having erred in that respect the court very properly granted the motion for judgment non obstante.  *Schlessinger v. Schlessinger,* 39 Colo. 44, 88 Pac. 970, 8 L. R. A. (N. S.) 863.

No reply brief was filed, but numerous authorities are cited by counsel and many refinements argued.  They need not be noticed.  The question is simple.  No verdict for

defendant could be sustained on this record. The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.